STATE OF MAINE
CUMBERLAND, ss.

UNIFIED CRIMINAL COURT
DOCKET NO.CR-15-4462

STATE OF MAINE,

Plaintiff

v.

STEFAN HAMILTON,

Defendant

STATE OF MAINE
Cumberland, SS. Clerk's Office
OCT 19 2015
RECEIVED

)
)
)
)
)
)
)
)

**DEFENDANT'S MOTION TO STRIKE
SURPLUSAGE 7(d)(e)**

The Defendant, Stefan Hamilton, by and through undersigned counsel, and hereby moves this Court to strike from the indictment the allegation that Mr. Hamilton has a suspension for failing to submit to a test on October 25, 2008. Defendant further requests that this allegation become a Class D Criminal OUI because it does not have the sufficient number of prior offenses to be a Class C OUI as a matter of law.

## ARGUMENT

This issue can be explained through how the legislature has defined an "OUI offense" and "failure to submit to a test" under 29-A M.R.S.A. chapter 23. § 2401 (11) defines an OUI offense as an OUI conviction or suspension for failure to submit to a test. § 2401(5) defines failure to submit to a test as failing to comply with the duty to submit to and complete a chemical test *under section 2521 or 2525*. It does not mention §2472 (4). §2525 is defined as a drug test if a drug-recognition expert believes the driver is under the influence of an intoxicant other than alcohol or a combination of a drug and alcohol. § 2521 is the implied consent law: " If there is probable cause to believe a person has operated a motor vehicle while under the influence of intoxicants, that person shall submit to and complete a test to determine an alcohol level and drug concentration by analysis of blood, alcohol or urine."

On October 25, 2008, Defendant was twenty years old and was subject to a zero tolerance standard pursuant to 29-A M.R.S.A. § 2472 (4). Defendant's suspension was based on § 2472 (4), which is in Article 2 of the Provisional license section of 29-A. The legislature specifically did not include §2472 in its definition of failure to submit to a test because 2472 is related to any amount of alcohol and not impairment. Defendant's suspension was not for an OUI offense because it was not pursuant to §2521 or 2525, but §2472(4).

Wherefore, Defendant requests that the reference to a suspension for failing to submit to a test on October 25, 2008 be stricken from the indictment and the charge be reduced to a Class D OUI.

Dated this 13 day of October 2015, at Brunswick, Maine.

Respectfully submitted,

Matthew D. Bowe, Esq., Bar No. 9852
Attorney for Defendant

Law Office of Matthew D. Bowe
18 Pleasant St., Suite 107
Brunswick, Maine 04011
(207) 373-9314

082276

STATE OF MAINE           .....AINE         UNIFIED CRIMINAL COURT

CUMBERLAND, ss.        .....D, SS        PORTLAND

                                .....FFICE      Docket No. CR-15-4462

STATE OF MAINE    )

                2015 NOV 12 PM 1 30

    Plaintiff      )

v.                )      ORDER ON DEFENDANT'S MOTION TO STRIKE

                   )

STEFAN HAMILTON  )

                   )

    Defendant   )

By Motion filed October 15, 2015, Defendant seeks to strike from the indictment the allegation regarding his license suspension for failing to submit to a test on October 25, 2008, without which the offense charged must be classified as a Class D OUI rather than as a Class C OUI. The court has considered counsel's oral argument as well as the State's Response to Defendant's Motion to Strike, filed October 28, 2015, and Defendant's Reply Memorandum, filed November 10, 2015.

29-A M.R.S. § 2411(5)(C) sets forth the applicable penalties "[f]or a person having 2 previous OUI offenses within a 10-year period, which is a Class C crime." The indictment alleges that Defendant committed two such previous OUI offenses within a 10-year period: an OUI conviction dated September 27, 2013, and an OUI suspension for failure to submit to a test on October 25, 2008. The question at issue is whether those two offenses constitute "2 previous OUI offenses" within the meaning of 24-M.R.S. § 2411(5)(C).

The phrase "OUI offense" is statutorily defined. 24-A M.R.S. § 2401(11) expressly provides that "'OUI offense' means an OUI conviction or suspension for failure to submit to a test."

"OUI conviction" and "Failure to submit to a test" are each also statutorily defined. *See id.* §§ 2401(9) (defining "OUI conviction")[1] & 2401(5) ("'Failure to submit to a test,' 'fails to submit to a test' or 'failed to submit to a test' means failure to comply with the duty to submit to and complete a chemical test under section 2521 or 2525.").

Because Section 2401(5)'s definition of "failure to submit to a test" expressly references §§ 2521 ("Implied consent to chemical tests") and 2525 ("Drug impairment assessment") but fails to reference § 2472 ("Juvenile provisional license"), Defendant argues that his October 25, 2008 failure to submit to a test does not constitute an "OUI offense" as a matter of law. According to Defendant, because he was under 21 on October 25, 2008, he was a juvenile at the time his license was suspended for failure to submit to a test, and as a juvenile his suspension

---

[1] As a matter of statutory construction, Defendant does not dispute that the indictment's allegations regarding his 2013 OUI conviction qualify as an "OUI offense" within the meaning of §§ 2401(9), 2401(11) & 2411(5)(C).

was governed by the juvenile provisional license suspension provision set forth in § 2472(4). Since § 2401(5)'s definition fails to reference § 2472, Defendant argues that his 2008 suspension does not constitute an "OUI offense", and that accordingly he should not have been charged with a Class C OUI as a matter of law.

As a matter of statutory construction, the court agrees with Defendant: the absence of a reference to §2472 in § 2401(5)'s definition of "failure to submit to a test" means that a suspension pursuant to § 2472(4) is not an "OUI offense" within the scope of § 2411(5)(C). Defendant's argument, however, does not take him as far as he contends it does, since it is not clear on this record whether Defendant's October 25, 2008 suspension *was in fact made pursuant to § 2472(4)*. Defendant's status as a juvenile in 2008 did not preclude the suspension of his license pursuant to § 2521,[2] and it may well be that Defendant's license was suspended pursuant to § 2521, either along with or instead of a suspension pursuant to § 2472(4).

Accordingly, because the basis upon which Defendant's license was suspended for failure to submit to a test is not clear on this record, Defendant is not entitled to have the allegations regarding his 2008 suspension stricken from the indictment.

It is accordingly hereby ORDERED that Defendant's Motion to Strike is DENIED.

DATED: 11/12/2015

E. Mary Kelly
Judge, Unified Criminal Court

---

[2] Section 2501 speaks of probable cause to believe that "a person" has operated a motor vehicle while under the influence of intoxicants, and provides that "that person shall submit to and complete a test to determine an alcohol level ...." *See* 29-A M.R.S. § 2521(1). Pursuant to § 2521(5), "The Secretary of State shall immediately suspend the license of a person who fails to submit to and complete a test."

STATE OF MAINE

vs

STEFAN A HAMILTON

102 VICTORIA DRIVE

WESTBROOK ME 04092

CRIMINAL DOCKET

CUMBERLAND, ss.

Docket No CUMCD-CR-2015-04462

**DOCKET RECORD**

DOB: 07/04/1988

Attorney: MATTHEW BOWE

        LAW OFFICE MATTHEW D BOWE

        18 PLEASANT STREET

        BRUNSWICK ME 04011-2201

        APPOINTED 08/03/2015

State's Attorney: STEPHANIE ANDERSON

Filing Document: CRIMINAL COMPLAINT

Filing Date: 07/31/2015

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   OUI (ALCOHOL)-NO TEST, 2 PRIORS      07/29/2015 **YARMOUTH**

Seq 12954 29-A 2411(1-A)(C)(3)    Class C

   MILES           / YAR

2   FAILING TO STOP FOR OFFICER       07/29/2015 **YARMOUTH**

Seq 1233 29-A 2414(2)        Class E

   MILES           / YAR

3   FAILURE TO REGISTER VEHICLE       07/29/2015 **YARMOUTH**

Seq 9142 29-A 351(1)(B)      Class E

   MILES           / YAR

4   OPERATING WHILE LICENSE SUSPENDED OR   07/29/2015 **YARMOUTH**

   REVOKED-OUI

Seq 9889 29-A 2412-A(1-A)(B)    Class E

   MILES           / YAR

5   OBSCURING MOTOR VEHICLE PLATES MARKS  07/29/2015 **YARMOUTH**

Seq 1167 29-A 2104(2)        Class E

   MILES           / YAR

## Docket Events:

07/31/2015 FILING DOCUMENT - CRIMINAL COMPLAINT FILED ON 07/31/2015

07/31/2015 Charge(s): 1,2,3,4,5

      HEARING - INITIAL APPEARANCE SCHEDULED FOR 07/31/2015 at 01:00 p.m. in Room No. 1

      NOTICE TO PARTIES/COUNSEL

08/04/2015 Charge(s): 1,2,3,4,5

      HEARING - INITIAL APPEARANCE HELD ON 08/03/2015

      THOMAS D WARREN , JUSTICE

      DA: MEGAN ELAM

      Defendant Present in Court

      FTR1

08/04/2015 Charge(s): 1,2,3,4,5

PLEA - NO ANSWER ENTERED BY DEFENDANT ON 08/03/2015
THOMAS D WARREN , JUSTICE
08/04/2015 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 08/03/2015
THOMAS D WARREN , JUSTICE
NO THIRD PARTY, DRUG, ALCOHOL, MV KEYS CONDITIONS
08/04/2015 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 08/03/2015

08/04/2015 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/03/2015
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
08/04/2015 Party(s): STEFAN A HAMILTON
ATTORNEY - APPOINTED ORDERED ON 08/03/2015

Attorney: MATTHEW BOWE
08/04/2015 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 10/15/2015 at 08:30 a.m. in Room No. 7

08/04/2015 Charge(s): 1,2,3,4,5
TRIAL - JURY TRIAL SCHEDULED FOR 12/14/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
08/17/2015 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 08/14/2015

Attorney: MATTHEW BOWE
08/17/2015 HEARING - MOTION TO AMEND BAIL SCHEDULED FOR 08/25/2015 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
08/17/2015 HEARING - MOTION TO AMEND BAIL NOTICE SENT ON 08/17/2015

08/25/2015 HEARING - MOTION TO AMEND BAIL HELD ON 08/25/2015
LANCE WALKER , JUDGE
Attorney: MATTHEW BOWE
DA: MATTHEW TICE
Defendant Present in Court

FTR CR#1
08/25/2015 MOTION - MOTION TO AMEND BAIL GRANTED ON 08/25/2015
LANCE WALKER , JUDGE
COPY TO PARTIES/COUNSEL
08/25/2015 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 08/25/2015
LANCE WALKER , JUDGE
OR $500 W/ MPTC
09/17/2015 Charge(s): 1,2,3,4,5
SUPPLEMENTAL FILING - INDICTMENT FILED ON 09/11/2015
JIM PAUL TURCOTTE , ASSISTANT CLERK
09/17/2015 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT SCHEDULED FOR 09/25/2015 at 01:00 p.m. in Room No. 1

09/17/2015 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT NOTICE SENT ON 09/17/2015
JIM PAUL TURCOTTE , ASSISTANT CLERK
09/29/2015 Charge(s): 1,2,3,4,5
HEARING - ARRAIGNMENT HELD ON 09/25/2015 at 01:00 p.m. in Room No. 1
PAUL E EGGERT , JUDGE

Attorney: MATTHEW BOWE
DA: ANGELA CANNON
Defendant Present in Court

DEFENDANT INFORMED OF CHARGES.                                    FTR 1
09/29/2015 Charge(s): 1,2,3,4,5
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/25/2015 at 01:00 p.m. in Room No. 1
PAUL E EGGERT , JUDGE
Attorney: MATTHEW BOWE
DA: ANGELA CANNON
Defendant Present in Court
10/15/2015 HEARING - DISPOSITIONAL CONFERENCE HELD ON 10/15/2015
JOYCE A WHEELER , JUSTICE
Attorney: MATTHEW BOWE
DA: NICHOLAS WALSH
CONF HELD, OFFER MADE.                                    MOTION FILED.
HEARING DATE CHANGED BY AGREEMENT TO 11-3-15
10/15/2015 MOTION - OTHER MOTION FILED BY DEFENDANT ON 10/15/2015

Attorney: MATTHEW BOWE
MOTION TO STRIKE SURPLUSAGE
10/15/2015 HEARING - OTHER MOTION SCHEDULED FOR 11/03/2015 at 01:00 p.m. in Room No. 1

MOTION TO STRIKE SURPLUSAGE
10/15/2015 HEARING - OTHER MOTION NOTICE SENT ON 10/15/2015

MOTION TO STRIKE SURPLUSAGE
10/30/2015 OTHER FILING - OTHER DOCUMENT FILED ON 10/28/2015

STATE'S RESPONSE TO DEFENDANTS'S MOTION TO STRIKE
                                             FILED BY ADA NATE WALSH
11/03/2015 HEARING - OTHER MOTION HELD ON 11/03/2015
MARY KELLY , JUDGE
Attorney: MATTHEW BOWE
Defendant Present in Court

MOTION TO STRIKE SURPLUSAGE                              FTR CR#1
                                             ADA WALSH
11/03/2015 MOTION - OTHER MOTION UNDER ADVISEMENT ON 11/03/2015
MARY KELLY , JUDGE
MOTION TO STRIKE SURPLUSAGE
11/03/2015 CASE STATUS - CASE FILE LOCATION ON 11/03/2015

WITH J. KELLY FOR MOTION UNDER ADVISEMENT
11/12/2015 CASE STATUS - CASE FILE RETURNED ON 11/12/2015
DANIELLE MERRILL , ASSISTANT CLERK
11/12/2015 MOTION - OTHER MOTION DENIED ON 11/12/2015
MARY KELLY , JUDGE
MOTION TO STRIKE SURPLUSAGE
11/12/2015 OTHER FILING - MEMORANDUM OF LAW FILED ON 11/10/2015

DEFENDANTS REPLY MEMORANDUM ON MOTION TO STRIKE SURPLUSAGE

A TRUE COPY
ATTEST: _____
                        Clerk